## MOHAWK ELECTRIC CORPORATION v. ROLLINSON.

Court of Appeals of District of Columbia.

Submitted March 14, 1928.  Decided April 2, 1928.

Petition to Amend Opinion and Judgment Denied April 21, 1928.

No. 2049.

1. **Trade-marks and trade-names and unfair competition** ⬤⟳43—**Registration as trade-mark for radio receiving sets of word "Mohawk," with picture of Indian's face, held properly refused for prior use on electric goods.**

Registration as trade-mark for radio receiving sets of word "Mohawk," in association with picture of face of Indian, *held* properly refused in view of prior use on electric goods such as rectifiers, transformers, and loud speakers, since confusion would necessarily result in view of fact that many people assemble their own radio sets after purchasing parts.

2. **Trade-marks and trade-names and unfair competition** ⬤⟳44—**In trade-mark interference proceeding, doubts are resolved in favor of party first in field.**

In trade-mark interference proceeding, party who was first in field should have any doubts resolved in his favor.

Appeal from the Commissioner of Patents.

Trade-mark interference proceeding between the Mohawk Electric Corporation and Earl H. Rollinson. From the decision of the Commissioner, Mohawk Electric Corporation appeals. Affirmed.

Hugo Mock and Asher Blum, both of New York City, for appellant.

C. R. Allen, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents in a trade-mark interference proceeding, in which the Mohawk Electric Corporation seeks registration as a trade-mark of the word "Mohawk," in association with a picture of the face of an Indian, for radio receiving sets and parts thereof; and the party Rollinson seeks registration of the word "Mohawk" for electrical apparatus of various kinds, comprising rectifiers, transformers, fire-alarm systems, timing cut-outs, rheostats, telephone receivers, radio receiving sets, and parts thereof.

The earliest date claimed by the Mohawk corporation is August 1, 1924. Since that time it has used the mark on radio receiving sets, but the evidence fails to disclose that it sold "parts thereof" under that name.

It clearly appears that long prior to the earliest date established by the Mohawk corporation, Rollinson adopted and used the mark upon various electrical goods, such as rectifiers, transformers, and loud speakers, although he did not sell assembled radio sets.

The Examiner of Interferences held that while Rollinson had established use of the mark on articles of general utility in connection with electrical apparatus, "any use in connection with radio sets is only one of many uses to which such articles or devices may be put," and that therefore such articles are not goods of the same descriptive properties as radio receiving sets. He concluded that the Mohawk corporation was entitled to register the mark for radio receiving sets, and that Rollinson was entitled to register for the goods set up in his application, with the exception of radio receiving sets and parts. Rollinson appealed.

[1] The Commissioner agreed with the Examiner that Rollinson had failed to disclose use of the mark upon radio sets, but "that from a date long prior to the earliest date established by the Mohawk Electric Corporation, Rollinson had adopted and used the mark upon various other electrical goods such as rectifiers, transformers, and loud speakers." A careful examination of the record convinces us of the correctness of this finding.

The Commissioner then said: "The examiner held the goods upon which the appellant had actually used his mark to be electrical apparatus of general utility not particularly intended for use in radio sets and, therefore, that the goods belong to a different class possessing different descriptive properties. It is believed, however, that several of the devices manufactured and sold by Rollinson under his trade-mark were more or less especially designed for use in radio receiving sets and that even if they were useful in other relations, they were primarily intended to be used with such sets. They would be sold by the same stores as parts to be assembled in complete sets, or to be used in connection with such sets, and parties purchasing such parts and seeing upon them the trade-mark 'Mohawk' would be led to believe the goods had the same origin as the radio receiving sets which carried this mark. Many people assemble their own sets after purchasing the parts, while still others purchase the assembled essentials and wire up the batteries, chargers, B-eliminators, loud speakers, etc., in their homes. It seems inevitable with the same trade-mark appearing upon these different parts and upon the completed sets, confusion of goods or of origin would result."

From the decision that the Mohawk corporation is not entitled to registration, and that Rollinson "is entitled to registration for the goods set up in his application, with the exception of radio receiving sets," the Mohawk corporation appealed.

[2] Rollinson was the first in the field, and any doubt should be resolved in his favor. For the reasons stated by the Commissioner, we affirm his decision.

Affirmed.